



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**ᴬᴸᴰ C. MANN**
**ᴬᵀᵀᴼᴿᴺᴱY GENERAL**

March 16, 1939

Hon. Orville S. Carpenter
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

> Opinion No. 0-385
> Re: Is the State Comptroller authorized
> to issue duplicates of forged unemploy-
> ment compensation warrants?

We are in receipt of your request of February 20th in which you ask this department for an opinion as to whether or not the Comptroller of Public Accounts has the authority to issue duplicates of forged unemployment compensation warrants to proper payees under the following circumstances:

"In the administration of the Texas Unemployment Compensation Act (Art. 5221-b Vernon's Ann. Stat. 1935), the Texas Unemployment Compensation Commission certifies to the State Comptroller of Public Accounts names of persons entitled to benefits and the amounts of money to which such persons are entitled. The Comptroller then issues warrants in payment of such benefits, which warrants are mailed directly to the persons entitled to them.

In some instances, warrants have been received or taken by a person other than the person to whom they are payable and have been offered for payment by such person not entitled thereto on the forged indorsement of the payee.

If such forgeries are discovered before the forged warrants are presented to the State

Treasurer, payment is refused; where the forgery is not discovered until after payment has been made by the Treasurer, the warrant is promptly returned to the indorsers thereof.  In any case, payment is either never made, or, if made, is always recovered.

There seems to be some question, however, as to the authority of the State Comptroller to issue to the proper payee a duplicate of such forged warrant.  Will you please advise us, therefore, if the State Comptroller is authorized to issue duplicates of such forged warrants?

The Comptroller of Public Accounts of the State of Texas must look to the written law of the state for his authority to issue duplicate warrants. His power is circumscribed by statute.  Article 4365, R.C.S. of Texas, 1925, defines the extent and limitation of that power.

Said section reads as follows:

"The Comptroller, when satisfied that any original warrant drawn upon the State Treasurer has been lost or destroyed, or when any certificate or other evidence of indebtedness approved by the auditing board of the State has been lost, is authorized to issue a duplicate warrant in lieu of the original warrant or a duplicate or a copy of such certificate, or other evidence of indebtedness in lieu of such original; but no such duplicate warrant, or other evidence of indebtedness, shall issue until the applicant has filed with the Comptroller his affidavit, stating that he is the true owner of such instrument, and that the same is in fact lost or destroyed, and shall also file with the Comptroller his bond in double the amount of the claim with two or more good and sufficient sureties, payable to the Governor, to be approved by the Comptroller, and conditioned that the applicant will

hold the State harmless and return to the
Comptroller, upon demand being made therefor,
such duplicates or copies, or the amount of
money named therein, together with all costs
that may accrue against the State on collect-
ing the same. After the issuance of said
duplicate or copy if the Comptroller should
ascertain that the same was improperly issued,
or that the applicant or party to whom the
same was issued was not the owner thereof, he
shall at once demand the return of said dupli-
cate or copy if unpaid, or the amount paid out
by the State, if so paid; and, upon failure
of the party to return same or the amount of
money called for, suit shall be instituted
upon said bond in Travis County."

The statutes of the state are silent upon the
authority of the Comptroller to issue duplicate war-
rants except in the express instance of loss or destruc-
tion. Consequently, where a warrant is still in exist-
ence, and the procedure outlined in the above quoted
article, including filing of applicant's bond, has not
been followed, the Comptroller has no authority to is-
sue a duplicate.

Whether the forged warrant has been paid by the
State Treasurer or not, the rightful payee has no claim
upon the State Comptroller for a duplicate in the ab-
sence of proof that the original instrument has been
lost or destroyed. His only redress is against the
wrongdoers guilty of the forgery regardless of the hard-
ship this form of remedy places upon him.

According to 34 Tex. Jur. p. 636:

"A state, municipal, county, district or
school warrant is an instrument, generally in
the form of a bill of exchange or order, drawn
by an officer upon the person having charge
of the public funds, directing him to pay an
amount of money specified to the person named,
or his order, or to bearer. In substance war-
rants are mere promises to pay the amount

specified; they are not bonds, nor are they negotiable instruments; they are only prima facie evidence of an indebtedness, serving as a convenient mode of conducting the public business."

The original payee remains the rightful owner of the warrant and is legally entitled to recover it from the possessor despite successive indorsements.

It is our opinion that Article 4365 prohibits the issuance of a duplicate warrant where the loss or destruction of the original has not been called to the attention and proven to the satisfaction of the Comptroller in the manner provided in said statute.

Trusting that this answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Dick Stout

Dick Stout
Assistant

DS:ob

APPROVED

ATTORNEY GENERAL OF TEXAS